RECEIVED
JAN 2 5 2006
ROBERT ... CLERK
WESTERN ... OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| BLAINE DOMOND | CIVIL ACTION NO. 05-1367 |
| VS. | JUDGE MELANÇON |
| CONSOLIDATED GOVERNMENT OF LAFAYETTE, thought its Chief of Police Randy Hundley SCOTT POIENCOT | MAGISTRATE JUDGE METHVIN |

## RULE 7(a) HEIGHTENED PLEADING REVIEW

Before the court is the Rule 7(a) Reply that plaintiff filed at the court's direction.[1] In light of the assertion of qualified immunity by defendant Scott Poiencot ("Poiencot") the court must determine whether plaintiff meets the heightened pleading requirement required by Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995).[2] If not, the court must determine whether an order staying or limiting discovery is appropriate pending the filing and resolution of a dispositive motion by the defendant in question.

For the following reasons, the undersigned concludes that plaintiff has "supported his claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts" under Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).

---

[1] Rec. Doc. 12.

[2] In his complaint, plaintiff incorrectly identifies Officer Poiencot as "Officer Poisson." Although plaintiff also sues the Lafayette Consolidated Government through its Chief of Police, Randy Hundley, no claims are asserted against Chief Hundley in his individual capacity. Therefore, no heightened pleading review is necessary with respect to Chief Hundley.

Plaintiff alleges violations of his First, Fourth, Eighth and Fourteenth Amendment rights based upon the following: On May 28, 2004, his cousin, Brian Francis, was involved in an automobile accident and plaintiff went to the accident scene to assist his cousin. A passenger in one of the vehicles told police that "Blaine" was the driver. Officer Poiencot grabbed plaintiff and asked whether he was the driver involved in the accident. Plaintiff and three witnesses informed Officer Poiencot that he was not the driver. Despite this, Officer Poiencot handcuffed plaintiff and lifted him by the shirt and "slammed him face first on the pavement," put his knee in plaintiff's back and "smashed his face to the ground." Witnesses continued to advise Officer Poiencot that he had the wrong person. Officer Poiencot brought plaintiff to jail and he was later brought to University Medical Center where he was diagnosed with a right shoulder joint separation and facial abrasions. On May 30, 2004, plaintiff was examined at Our Lady of Lourdes and diagnosed with acute myocardial infarction. The criminal charges brought against plaintiff were dismissed by the District Attorney. Plaintiff alleges that Officer Poiencot's actions constituted an assault and battery, as well as negligent and intentional infliction of emotion distress, false arrest, false imprisonment, and excessive force.

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). One of the purposes of the qualified immunity defense is "avoidance of disruptive discovery" unless and until the plaintiff puts forward "specific, nonconclusory factual allegations" which would overcome the defense. Siegert v. Gilley, 500 U.S. 226, 236, 111 S.Ct. 1789, 1795 (1991) (Kennedy, J., concurring).

In Schultea, the Fifth Circuit addressed the tension between a plaintiff's right to notice pleading under Rule 8(a) and a government official's right to invoke the protection of the qualified immunity defense against the burden and expense of discovery. The court held that a district court may require a civil rights plaintiff to reply to an assertion of qualified immunity pursuant to Rule 7(a).[3] Schultea, 47 F.3d at 1433-1434. District courts interpret this as more than a suggestion. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." Id. at 1434. Discovery may be banned at this stage, or limited to the issue of qualified immunity. "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Id.

The Schultea rule "is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir.1999). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injuries." Reyes 168 F.3d at 161, *citing* Wicks v. Mississippi State Employment Services, 41 F.3d 991, 995 (5 th Cir.1995).

Accordingly, when an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim

---

[3] Rule 7(a) provides as follows:

**(a) Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

"with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).

Here, plaintiff alleges that Officer Poiencot used excessive force during plaintiff's arrest. In Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court held that all claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Petta v. Rivera, 143 F.3d 895, 907-08 (5th Cir. 1998), citing Graham, 490 U.S. at 395, 109 S.Ct. at 1871. This standard assesses the "objective reasonableness" of an officer's conduct by focusing on the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Petta, 143 F.3d at 907 n.14, citing Graham, 490 U.S. at 396, 109 S.Ct. at 1871. The Court also recognized that the due process clause could have continuing viability in excessive force claims not implicating a specific Bill of Rights protection. See Graham, 490 U.S. at 395 n. 10, 109 S.Ct. at 1871 n. 10 (because it is unclear whether the Fourth Amendment extends to pretrial detainees, "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.").

The required elements for an excessive force claim based on a violation of the Fourth Amendment are: (1) a significant injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively

unreasonable. Johnson v. Morel, 876 F.2d 477, 479-80 (5th Cir.1989). Furthermore, "[t]here can be a constitutional violation only if significant injuries resulted from the officer's use of excessive force." Petta, 143 F.3d at 908, citing Johnson, 876 F.2d at 479-80.

In the instant case, plaintiff alleges that Officer Poiencot, despite several witnesses advising him that plaintiff was not the driver involved in the accident and had just arrived on the scene, arrested plaintiff and brought him to jail without further investigation. Plaintiff alleges that during the arrest, Officer Poiencot threw plaintiff to the ground, bruising his face and seriously injuring his shoulder. Considering these allegations, the undersigned concludes that plaintiff has "supported his claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Plaintiff has therefore met the heightened pleading requirement and no order limiting discovery under Schultea is appropriate.

Signed at Lafayette, Louisiana on January 25th, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)